UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAPO LUGMAN ISHOLA,
Petitioner,

v. C.A. No. 05-12350-JLT

BRUCE CHADBOURNE, Interim Field Office Director of Detention and Removal, et al.
Respondents.

MEMORANDUM AND ORDER OF TRANSFER

On November 22, 2005, petitioner Oladapo Lugman Ishola, now detained at the Wyatt Detention Center in Rhode Island by the Department of Homeland Security, filed a filed a petition pursuant to 28 U.S.C. § 2241 for writ of habeas corpus accompanied by several documents including an application for waiver of the filing fee. On November 23, 2005, respondent Chadbourne filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of in personam jurisdiction over petitioner's custodian.

Petitioner, a citizen of Nigeria, challenges his detention by the Department of Homeland Security in violation of Zadvydas v. Davis, 533 U .S. 678 (2001) (placing burden on government after alien has been confined for six months to rebut showing that there is no significant likelihood of removal). See Petition. Petitioner alleges that he has been in custody since April 11, 2005 and has been under a final order of removal since May 12, 2005. Petitioner complains that his

I hereby certify on 11/28/05 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 11/28/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Deputy Clerk
UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
DOCKETED

5

removal is unlikely to occur in the reasonably foreseeable future. Id. ¶¶ 26-27.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained).

Respondent correctly argues that petitioner's legal custodian is the warden of the Wyatt Detention Center, the individual with the day-to-day control over the facility in which he is being detained. See Resp't Mem. Because this Court does not have personal jurisdiction over the Warden of the Wyatt Detention Center in Central Falls, Rhode Island, it must either dismiss or transfer this Section 2241 petition to the proper district. Vasquez at 696. However, rather than dismiss this action, I will order that this action be transferred to the proper district, in the interests of justice pursuant to 28 U.S.C. § 1631, for such further proceedings as that court deems

appropriate.[1] Vasquez at 696.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED, (1) that this action be TRANSFERRED to the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island 02903; and (2) that Respondent Chadbourne's Motion to Dismiss (Docket No. 3) is Denied for the reasons stated above.

SO ORDERED.

November 28, 2005
DATE

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

[1]Because the Court is transferring this action, it will not address petitioner's application for waiver of filing fee. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).