FILED
CLERKS OFFICE
NOV 22 P 12: 33
DISTRICT COURT
DISTRICT OF MASS

United States District Court
District Of Massachusetts

Oladapo. Lugman Ishola (A097749113)
Wyatt Detention Center
950 High Street,
Central-Falls, R.I. 02863

CA 05 502

05-12330JLT
Referred to MJ JG Dein

Vs

Bruce chadbourne,
Interim Field Office Director of Detention & Removal,
Boston Field Office, Bureau of Immigration and
Customs-Enforcement AND Wayne Salisbury (Wa
rden) of Wyatt Detention Facility.

Petition For A Writ of Habeas Corpus Pursant
To 28 U.S.C § 2241

I Oladapo. L. Ishola, hereby Petition the above named Court for a writ of habeas corpus to remedy his unlawful detention and to enjoin his Continued unlawful detention by the Respondents. In Support of this petition and Complaint for Injunctive relief, Petitioner as Follows:-

(1) I Oladapo. L. Ishola, native of and a citizen of Nigeria who entered the United States on Spt-17, 1988 as a non-immigrant, on B-2 Visa. Mr Ishola was ordered deported on May12, 2005,

Page (2) As Such, he is The ultimate legal custodian of the petitioner.

3, Respondent Bruce Chadbourne is the Interim Field Office Director for Detention of Homeland Security. As such, he is the local ICE Official who has Immediate Custody of the Petitioner.

(4) Respondent Department of Homeland-Security is the agency charged with Implementing and enforcing the Immigration laws.

(5) Respondent Wayne Salisbury is Warden, at Wyatt Detention facility Because ICE Contract with state prisons such as Wyatt Detention Facility in Rhode-Island to house Immigration detainees, such as petitioner, he has immediat Custody of the Petitioner.

(6, Petitioner is detained at the Wyatt Detention Center in Central-falls, Rhode-Island. ICE has Contracted with the Wyatt Detention to house Immigration detainees such as Mr Ishola.

Petitioner is under the direct Control of Respondent and their agents.

(7) This action arises under the Constitution of the United States, the Immigration and Nationality Act "INA" Under 28 U.S.C $ 2241 art 1 $ 9 cl.2 of the United-State Constitution (suspension clause) And 28 U.S.C $ 1331, as the petitioner is Presently in Custody under color of the authority of the United states And such Custody is in Violation of the Constitution, laws or treaties of the United States

page(5) Petitioner was ordered deported on May 12, 2005 and he has been in custody since April 11, 2004. At his "90-day" custody review on 08-12-05, ICE decided to continue his detention, Copy attached.

(10) No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

(11) Petitioner, Oladapo. L. Ishola, was born in Nigeria on April 14, 1954, Came to United-States at the age of 34 years-old.
Petitioner Came to United States with B-2 Visa,
Married two times:-
1st spouse - Lori Wright, Married 1989 divorced 1992 she is an America-Citizen.
2nd spouse - Louella Burks, Married 2000, Still married to her and she is an America-Citizen

(12) On December 18, 1997, Mr Ishola was convicted of the Crime Of Domestic Assault, In violation of chapter 11-05-03A of the General-laws of Rhode-Island And also convicted on 12-17-98 in District court of Rhode-Island for the offense of Receiving Stolen-Goods in violation of chapter 11-41-21 of the General-laws of Rhode-Island And was never placed in deportation proceedings for both convictions.

(13) On May 12, 2005, ICE took Mr Ishola into Custody to await his deportation to Nigeria, He has been in immigration detention with a final order since then, for a period of 6 months.

Page(4)

(15) As a result of the continued detention, Mr Ishola's case should be transferred to the Headquarter Post-Detention Unit (HQPDU) in 11-14-05 (that will be actual date from final-removal) instead of 12-13-05 (error) made by ICE.

(16) Though under Zadvydas, Mr Ishola has the right to be free from indefinite detention regardless of whether ICE considers him a danger to the Community or a flight risk

Petitioner has been rehabilitated for Domestic-assault program in 1998 for 12 weeks by CODAC in Providence, Rhode-Island.

ICE's inability to show that Petitioner's Deportation is "Reasonably Foreseeable" Despite his full cooperation.

(17) In the 3 months that have passed since Petitioner's last custody review, ICE has not notified Mr Ishola of any progress in his repatriation.

(18) To Petitioner's Knowledge, Nigeria-goverment has not issued travel documents for him. Indeed, neither ICE nor the Nigeria-goverment have provided any indication that Nigeria-goverment would accept Petitioner in the reasonably foreseeable future.

(19) ICE has never asserted that Petitioner has failed to cooperate in his deportation.

ICE has offered no evidence to suggest that repatriation in Petitioner's Individual case is reasonably foreseeable now.

(20) It seems obvious that ICE can't ob-

ask whether the detention in question exceeds a period reasonable necessary to secure removal Id. at 2504. If the individual's removal is not reasonably foreseecable. "the Court should hold Continued detention unreasonable and no longer authorized by statute." Id.

(22) In determining the length of a reasonable remova period, the Court adopted a "presumptively reasonable period of detention" of six months. Id. at 2504. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

(23) Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the government's burden to establish that an alien petitioner will be deported within the reasonably foreseeable future.

(24) An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question.

(25) Petitioner re-alleges and incorporates by reference paragraphs 1 through 24 above.

(26) Petitioner's continued detention by the Respondent violates INA § 241(a)(6), as interpreted in Zadvydas Petitioner's six months presumptively reasonabl

Page 6

(27) Petitioner re-alleges and incorporates by reference paragraphs 1 to 26.

(28) Petitioner's Continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a Compelling government interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Mr Ishola cannot be deported. The supreme Court in Zadvydas thus interpreted INA §241 to allow Continued detention only for a period reasonable necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest - to effect the alien's removal

(29) Petitioner re-alleges and incorporates by reference paragraphs 1 to 28.

(30) Under the Due Process clause of the United States Constitution, an alien is entitle to a timely and meaningful opportunity to demonstrate that he should not be detain. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

Page (7) Order Respondents to refrain from transferring the petitioner out of the jurisdiction of ICE Boston District Director during the pendency of these proceedings and while the petitioner remains in Respondent's custody; And

(4) Grant any other further relief which this Court deems just and proper.

I affirm, under penalty, that the foregoing is true and correct.

Respectfully Submitted this Monday 14, Nov '05.

Oladapo Ishol

Oladapo. L. Ishola, Pro Se
Wyatt Detention Facility
950 High St, Central-Falls
Rhode-Island 02863.

* Here by attached the copies of the EXHIBITS, numbered One To Four.